■ ELLENVILLE NATIONAL BANK, Respondent, v. HAROLD SUSSMAN, Appellant.— Appeal (1) from an order of the Supreme Court at Special Term, entered June 6, 1973 in Sullivan County, which granted a motion by plaintiff for summary judgment and (2) from the judgment entered thereon. An examination of the record reveals that a factual controversy has been raised which is sufficient to defeat plaintiff's motion. The certified check held by defendant, an attorney, in escrow was to be delivered to plaintiff upon plaintiff's furnishing certain documents. Defendant contends, *inter alia*, that the correct documents were not delivered, and, therefore, the conditions whereby defendant agreed to turn over the check to plaintiff have not been met. The bills of sale tendered to defendant by plaintiff list items of equipment which defendant maintains had been transferred by plaintiff to the Sullivan County National Bank for $3,000 by a bill of sale dated June 23, 1969. The record contains a copy of the "List of Chattels" attached to the chattel mortgage securing a loan for $27,148.41 which was involved in the transaction between the original mortgagors and plaintiff in April of 1964. It was bills of sale for the items of personal property described in this chattel mortgage which were required by the escrow agreement. The items of equipment listed on the bills of sale proffered by plaintiff to defendant do not correspond with those listed on the "List of Chattels" attached to the original mortgage. Consequently, there is a vital question of fact as to whether plaintiff has title to the equipment listed in the chattel mortgage, and is thereby in a position to present the required bills of sale to defendant. Upon this record plaintiff has not proved compliance with the conditions of the escrow agreement. Order and judgment reversed, on the law, and plaintiff's motion denied, with costs. Greenblott, J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.